IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                              No. 4:05CR00014 GH

PINKEY MCFARLIN and
TAMMIE MCFARLIN                                                                              DEFENDANTS

## ORDER

On February 9th, Pinkey McFarlin filed a motion to dismiss the indictment asserting that all charges should be dismissed due to the government's outrageous conduct which violated his right of due process and that no federal jurisdiction exists for the acts alleged in the indictment. Pinkey alleges that the Thirteenth Judicial Task Force concocted a scheme to induce him to become involved in illegal drug activity by becoming his supplier of the prescription pain medicine Lortab and Lorcet to which he was addicted and then pressured and persuaded him to sell drugs to the government. He states that the indictment only accuses him of selling the drugs to the government itself and he had not been involved in the selling of drugs to anyone before this so the government generated new crimes where there had been none. Pinkey asserts that even if the Court does not find the conduct to be so outrageous as to violate due process, the Court may still exercise its supervisory powers to dismiss the indictment to vindicate his rights and to preserve judicial integrity and deter illegal and improper conduct. He requests "a plenary pretrial hearing on this motion as required by U.S.A. v. Troung Nhat Nguyen, 250 F.3d 643 (8th Cir. 2001)."

The government responded on February 10th that the level of outrageousness required is quite high and must shock the conscience of the Court and that, here, Pinkey has failed to identify the conduct he deems to be outrageous. While acknowledging that the defense is a question of law to be resolved by the Court and must be raised pre-trial or it is waived, the government counters that defendant is not entitled to a preliminary hearing where he has failed to establish material facts sufficient to raise significant doubt regarding the government's actions. Turning to the allegation that federal jurisdiction is improper, the government states that Pinkey has not explained his basis for that contention.

On February 17th, Pinkey filed a reply which addresses his argument of lack of federal jurisdiction. Recognizing that it is settled law that the Comprehensive Drug Abuse Prevention and Control Act of 1970 ("CSA") is constitutional, he nevertheless contends that the CSA as applied to him violates his right to due process as the charges do not state federal jurisdiction as the charged activities do not have even a "de minimis" impact on interstate commerce since prior to the government artificially creating the exchange between Pinkey and itself, Pinkey was not affecting interstate commerce by selling to anyone else and interstate commerce was not even minimally affected after the scheme was set in motion.

The Court has carefully examined the case of United States, v. Nguyen, 250 F.3d 643 (8th Cir. 2001), and finds that while the case confirms the holding that "outrageous government conduct" should be raised as a pre-trial motion to dismiss the indictment, it does not mention anything about a hearing whatsoever. Thus, Nguyen is not authority for the argument that a "plenary pretrial hearing" is required.

Although an unpublished case, United States v. Shabazz, 1995 WL 235026, *9 (D. Minn. 1995), provides the following summary:

> Because the claim of outrageous government conduct focuses upon the conduct of the government instead of upon the predisposition of the defendant, some courts have held that, upon a proper showing, defendants making the claim are entitled to a pretrial evidentiary hearing on the issue. E.g. United States v. Swiatek, 819 F.2d 721, 725 (7th Cir. 1987), cert. denied, 484 U.S. 903 (1987).[1]  A hearing on the issue may be warranted if a defendant presents "specific facts that are sufficient to raise a significant doubt about the propriety of the government's actions." Id.
>
> Other courts have concluded that a pretrial hearing is unnecessary. In United States v. Killough, 607 F.Supp. 1009, 1011-13 (E.D. Ark. 1985), Chief Judge Eisele denied a motion for a pretrial evidentiary hearing. After concluding that a pretrial hearing on conventional entrapment was entirely unnecessary, Judge Eisele wrote:
>
>> "The Court is also not willing to hear the issue of government conduct (or better, 'misconduct') entrapment at a pretrial hearing. Government conduct entrapment occurs where governmental participation is so outrageous or fundamentally unfair as to deprive the defendant of due process.... Because government conduct entrapment is a question for the Court, the notion of a pretrial evidentiary hearing is not as far fetched as it is in the context of conventional entrapment. The Court, however, is still convinced the notion is flawed and that the better practice will usually be to resolve the factual issues concerning governmental abuse at or after the trial." Id.
>
> Likewise, in United States v. Dyman, 739 F.2d 762, 769 (2nd Cir. 1984), cert. denied, 469 U.S. 1193 (1985), the Court of Appeals affirmed the district court's decision to not conduct a full evidentiary hearing before trial, because the decision to reserve a ruling until after trial avoided duplication of testimony. The Courts, in both Dyman and Killough, were motivated by the fact that the evidence on the outrageous government conduct claims was substantially the same evidence that would be presented at trial in connection with the entrapment defense.

Based on the information provided thus far, the Court is persuaded that a pretrial hearing is not essential and would be a duplication of the evidence presented at the trial. Pinkey will be afforded the opportunity to develop the record at trial – including outside the presence of the jury

---

[1] The appellate court found no error in the lower court denying Swiatek's motions for an evidentiary hearing.

– for the Court to make a determination on the merits of the portion of his motion to dismiss due to outrageous governmental conduct.

The Court next turns to the argument of lack of federal jurisdiction. The following excerpt from United States v. Forrest, 429 F.3d 73, 78 (4th Cir. 2005), explains why this argument must be rejected:

> In Raich the Court reaffirmed the long-standing principle that the Commerce Clause empowers Congress to regulate purely local intrastate activities, so long as they are part of an "economic class of activities that have a substantial effect on interstate commerce." Raich, 125 S.Ct. at 2205 (internal quotation marks omitted) (citing Perez v. United States, 402 U.S. 146, 151, 91 S.Ct. 1357, 28 L.Ed.2d 686 (1971), and Wickard v. Filburn, 317 U.S. 111, 128-29, 63 S.Ct. 82, 87 L.Ed. 122 (1942)). Moreover, the Court emphasized, Congress needs only a rational basis for concluding that such local activities substantially affect interstate commerce. Id. at 2208. Because the Raich Court found that the CSA regulated an economic class of activities and that Congress had a rational basis for concluding that local drug possession substantially affected interstate commerce, it held that the Raich defendants could not escape the sweep of the statutory prohibition simply because their individual activities assertedly had a *de minimis* effect on interstate commerce. Id. at 2206.

See also, United States v. Dawson, 425 F.3d 389, 391-392 (7th Cir. 2005); United States v. Cardenas, 2005 WL 3249907, *1 (9th Cir. 2005).

Accordingly, the portions of Pinkey's February 9th motion (#63) to dismiss the indictment for lack of federal jurisdiction and for a pretrial hearing on the issue of whether the government's conduct was outrageous are hereby denied. The Court will take up the issue of the government's alleged outrageous conduct and whether the indictment should be dismissed as it is developed through the evidence at trial.

IT IS SO ORDERED this 24th day of February, 2006.

/s/ George Howard, Jr.
UNITED STATES DISTRICT JUDGE