IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                                 PLAINTIFF

v.                                            No. 4:05CR00014 GH

PINKEY MCFARLIN and
TAMMIE MCFARLIN                                                                         DEFENDANTS

**ORDER**

Pending before the Court is the June 9th motion filed by Pinkey McFarlin to exclude government reference to the term "controlled buy" in describing his encounters with the confidential informant, Deborah Johnson, and to prohibit the law enforcement officers from testifying about what occurred during those encounters. He contends that the recording device worn by Johnson is incapable of transmitting radio frequencies so that the witness to those transactions would be in the room with Johnson and defendant. Defendant continues that he anticipates that the government will describe these encounters as "controlled buys," it will contend these encounters were monitored by DTF officers, and it will elicit testimony from those officers as though they were present during the conversations or otherwise have firsthand knowledge. He asserts that no officer was present during Johnson's encounters with the defendant so any testimony by the officers would be hearsay. Defendant requests an opportunity before trial to examined all recording devices or apparatus – including cell phones – and conduct such tests as are appropriate in order to support this motion as well as a pretrial opportunity outside the presence of the jury where the government is required to

demonstrate whether and how the encounters were controlled buys and he is allowed to cross examine witnesses.

On June 16th, the government responded that the electronic equipment employed by law enforcement in this case was capable of recording as well as transmitting conversations of the wearer and those around her, but it has no objection to allowing the defense the opportunity to interview law enforcement officers who used this equipment and to observe the equipment itself. It continues that the use of the term "controlled buys" is a term of art in drug investigations and that the term will be defined and described by a DEA agent that the government intends to offer as an expert in drug trafficking terminology and investigations who has been disclosed to the defense previously and so there is no unfair prejudice to the defendant in using a term of art, such as "controlled buy," during the government's case. The government states that the controlled buys were in fact monitored by law enforcement officers in real-time through the transmitting device as they happened and so their testimony is not hearsay and is admissible. It argues that the defense has had since February 2005 to interview law enforcement officers associated with the case and to review equipment employed during the investigation. The government states that it has no objection to the defense being heard on this motion outside the presence of the jury, but would object to any continuance of the trial based on the defendant's need to interview witnesses or review equipment.

The Court agrees with the government that "controlled buys" is a term of art used in drug investigations and is not unfairly prejudicial especially when such term will be defined by an expert. In United States v. McKay, 431 F.3d 1085, 1093 (8th Cir. 2005), the Eighth Circuit stated "[o]n redirect, Gassaway explained that controlled buys typically involve cooperating individuals who

have access to the suspect." See also, <u>United States v. Willoughby</u>, 104 Fed.Appx. 600, 601, 2004 WL 1497810, **1 (8th Cir. 2004).

Based on the government's representations that encounters were in fact monitored by law enforcement officers in real-time through the transmitting device as they happened, the Court is persuaded that their testimony would not be hearsay. However, as the government has no objection to the defense interviewing the officers who used the equipment and to observe the equipment itself, the Court will revisit this issue should the defense's interviews and observations prove otherwise.

Accordingly, the June 9th motion (#90) filed by Pinkey McFarlin to exclude government reference to the term "controlled buy"and to prohibit the law enforcement officers from testifying about what occurred during those encounters is hereby denied without prejudice to renew.

IT IS SO ORDERED this 19th day of June, 2006.

/s/ George Howard, Jr.
UNITED STATES DISTRICT JUDGE