IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

v.                                          No. 4:05CR00014 GH

PINKEY MCFARLIN and
TAMMIE MCFARLIN                                                          DEFENDANTS

**ORDER**

On October 28th, Pinkey filed a motion to dismiss the indictment asserting that he believes that the informant on whose alleged sales the charges arise is paid on a contingent basis which violates his right of due process and that there should be no other compensation to a witness other than the standard witness fee and reimbursement of reasonable expenses. He continues that the payment of contingent fees to informers creates the appearance of impropriety, that a pre-trial inquiry should be conducted into the contingent fee system employed in this case, and that a cautionary instruction be given to focus the jurors' attention upon the inherent problems with the credibility of a contingent fee informant even if the Court does not find a due process violation. Finally, he asserts that his due process protection was violated by being pre-targeted by the law enforcement agents in this case.

The government responded on October 30th that the informant was not paid on a "contingency" of any kind; he was paid a set amount for each transaction under the supervision of law enforcement officers whether or not he/she was able to purchase controlled substances on that date; payment of the informant was not contingent on the defendant's arrest, prosecution or

-1-

conviction; and the employment of any informant did not deviate from standard informant practice utilized in hundreds of case here and elsewhere. It continues that the informant is not being paid to provide testimony other than by receiving the government's standard witness fee of $40 per day for preparation or testimony.

The government also asserts that while defendant bears the burden of showing that a due process violation has been committed, he has cited no relevant legal authority supporting his position and that it objects to any cautionary jury instruction as the standard Eighth Circuit instruction on credibility of witnesses adequately informs the jury of their ability to assess a witness' testimony. In addition, it argues that defendant has been aware that an informant was used in this case since first receiving discovery material in the spring of 2005 and of the payments made to the informant since receiving Giglio disclosures prior to a May 3rd hearing date yet he waited until the eve of trial to raise what he believes to be a serious constitutional issue.

Later that morning, the government filed an amended response clarifying that the agreement with the informant was that to receive the set payment, he/she would obtain what he/she thought to be drugs from the target on a certain date, whether or not the substance received was actually a controlled substance (vs. a counterfeit substance) and if the informant was not successful in purchasing what he/she thought to be a controlled substance, no payment would be made for that transaction. The government stresses that the payment of the informant was not contingent on the defendant's arrest, prosecution, or conviction and did not deviate from standard practice utilized in hundreds of cases in this district and elsewhere.

The government has accurately pointed out that Pinkey has failed to cite relevant legal authority supporting his position.[1] Moreover, in the February 24th order denying Pinkey's motion to dismiss due to the government's outrageous conduct, the Court stated that it would take up the issue of alleged outrageous conduct and whether the indictment should be dismissed as it is developed through the evidence at trial. The Court is persuaded that the issue of payments to the informant is part of the conduct alleged by Pinkey to violate due process and so it too will be addressed as developed through the evidence at trial.

IT IS SO ORDERED this 3rd day of November, 2006.

_George Howard, Jr._
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the case of United States v. Albanese, 195 F.3d 389, 394-395 (8th Cir. 1999), states in part:

We also have a long history of allowing the government to compensate witnesses for their participation in criminal investigations. See, e.g., United States v. Einfeldt, 138 F.3d 373, 377 (8th Cir. 1998) (affirming a conviction although defense counsel did not learn the government compensated a prosecution witness until trial); United States v. Gordon, 974 F.2d 97, 99-100 (8th Cir. 1992) (finding the evidence was sufficient to uphold the appellant's conviction, even though the primary prosecution witness had received $77,000 through the witness protection program plus $30,000 as a percentage of the illegal funds that he helped the government recover); United States v. Risken, 788 F.2d 1361, 1373 (8th Cir.) (upholding a conviction obtained through testimony of a paid government witness although the fact that the witness would receive greater compensation if the defendant were convicted was not disclosed to the jury), cert. denied, 479 U.S. 923, 107 S.Ct. 329, 93 L.Ed.2d 302 (1986); United States v. Quinn, 543 F.2d 640, 651 (8th Cir. 1976) (stating that ordinarily a defendant is entitled to cross-examine a paid informant regarding his or her relationship and agreement with the government, but not suggesting such payments are inappropriate).